Reed W. Larsen, Bar No. 3427
Cooper & Larsen, Chtd.
PO Box 4229
Pocatello, ID 83205-4229
Ph: 208-235-1145
Fx: 208-235-1182
Email: reed@cooper-larsen.com

James K. Vucinovich, *Pro Hac Vice Pending*
C. N. Coby Cohen, *Pro Hac Vice Pending*
Rossi Vucinovich P.S.
1000 Second Avenue, Suite 1780
Seattle, WA 98144
Ph: 425-646-8003
Fx: 425-646-8004
Email: jvucinovich@rvflegal.com
**ATTORNEYS FOR PLAINTIFF**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| **MARK SCULLIN**, an individual, | Case No. _____ |
| Plaintiff, | |
| v. | **COMPLAINT** |
| **UNION PACIFIC RAILROAD COMPANY**, a Delaware corporation, | **DEMAND FOR JURY TRIAL** |
| Defendant. | |

COMES NOW Plaintiff Mark Scullin ("Plaintiff"), by and through his undersigned counsel, and for his cause of action against Defendant Union Pacific Railroad Company ("Defendant"), a Delaware corporation, states and alleges as follows:

### I.   PARTIES AND JURISDICTION

1.   At all material times, Plaintiff was and is a resident of the State of Idaho.

1

2.      At all material times, Defendant was and is a corporation duly organized and existing under the laws of the state of Delaware, and was operating a system of railroad tracks in the State of Idaho and other states, and that said system included lines of track in the District of Idaho (and each Division thereof), where this action is filed.

3.      At all times material herein, Defendant was an interstate carrier by rail and was engaged in interstate transportation and commerce; that Plaintiff was employed by Defendant as a conductor, and as such was working and engaged in interstate transportation and commerce at the times hereinafter set forth, and at such times was working in the furtherance of Defendant's interstate commerce, and in work which directly, closely, and substantially affected the general interstate commerce carried on by said Defendant as a railroad common carrier of freight for hire.

4.      The jurisdiction of this Court is based upon Title 45 U.S.C. § 51 *et seq.*, commonly known as the Federal Employers' Liability Act (FELA), and 49 U.S.C. §20302, commonly known as the Safety Appliance Act (SAA), and this action is timely commenced in a proper venue within the meaning of 45 U.S.C. § 56.

## II.     COUNT ONE:  FELA NEGLIGENCE AND VIOLATION OF SAA

5.      Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 4 of this Complaint as though fully set forth herein.

6.      That on November 20, 2018, Plaintiff was working as a conductor for Defendant.

7.      While so engaged the train on which plaintiff was riding made an unintended emergency stop due to a defective brake on a railcar; and in the course of effecting repair, plaintiff suffered injuries.

8. The injuries and the resulting damages incurred as a result of the incident described herein were caused, in whole or in part, by the negligence of Defendant, its agents, employees and officers, and in violation of 45 U.S.C. §§ 51-60, *et seq.* and 49 U.S.C. §20302, including, but not limited to:

   a. failing to provide Plaintiff with a reasonably safe place in which to work as required by law;

   b. failing to provide Plaintiff with reasonably safe operating conditions and equipment;

   c. failing to properly install, inspect, repair, and maintain its equipment, including the brakes on its rail cars, in a reasonably safe, suitable, and efficiently-operating condition, in violation of 49 CFR § 20302 and 49 CFR § 231 et. seq., thereby implicating the provisions of 45 U.S.C. § 53.;

   d. failing to provide proper, safe walkways in compliance with UPRR and industry standards;

   e. failing to properly warn Plaintiff of the dangers which confronted him and of the unreasonably dangerous condition concerning the defective equipment; and,

   f. other acts of negligence.

9. That due, in whole or in part, to Defendant's negligence under the FELA, Plaintiff sustained severe and potentially permanent injuries including, but not limited to, his right knee and the bones, muscles, tissues, nerves, ligaments and internal parts thereof; and Plaintiff has suffered in the past, and will continue to suffer in the future, pain and anguish and loss of enjoyment of life, and that he was otherwise injured and disabled.

10. That in an effort to treat, heal, and relieve his injuries, Plaintiff has spent, and will continue to spend, monies for medical and related care and treatment in amounts to be proven at trial.

11. That as a direct result, in whole or in part, of Defendant's negligence in violation of the FELA, Plaintiff has lost wages in the past, will continue to lose wages in the future, and will sustain a permanent diminution of earning capacity and loss of fringe benefits in amounts to be proven by the evidence at the trial of this matter.

## III. REQUEST FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that judgment be entered against the above-named Defendant for special and general damages in an amount established by the evidence, together with all costs and disbursements, and other relief the court may deem appropriate.

DATED: June 11, 2019.

Reed W. Larsen, Bar No. 3427
Email: reed@cooper-larsen.com

James K. Vucinovich, *Pro Hac Vice Pending*
C. N. Coby Cohen, *Pro Hac Vice Pending*
Email: jvucinovich@rvflegal.com
Email: ccohen@rvflegal.com

**ATTORNEYS FOR PLAINTIFF**