# UNITED STATES DISTRICT COURT
# DISTRICT OF IDAHO

| | |
|---|---|
| MARK SCULLIN, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>UNION PACIFIC RAILROAD COMPANY, a Delaware corporation,<br><br>Defendant. | Case No.: 4:19-cv-00209-REB<br><br>**MEMORANDUM DECISION AND ORDER RE: DEFENDANT'S MOTION TO STRIKE OR MAKE MORE DEFINITE AND CERTAIN**<br><br>**(Dkt. 19)** |

Pending before the Court is Defendant's Motion to Strike or Make More Definite and Certain (Dkt. 19). Having carefully considered the record and otherwise being fully advised, the Court enters the following Memorandum Decision and Order:

## DISCUSSION

Plaintiff Mark Scullin, an employee of Defendant Union Pacific Railroad Company ("Union Pacific"), brings this action under the Federal Employers' Liability Act ("FELA"), which governs claims by railroad workers for on-the-job injuries. *See* Am. Compl., ¶ 4 (Dkt. 18). Plaintiff asserts two "counts" of relief. In Count One, Plaintiff alleges that, on November 20, 2018, he was working as a train conductor for Union Pacific; the train he was riding made an unintended emergency stop due to a defective brake on a railcar; in the course of effecting a repair, he suffered injuries that were caused by Union Pacific's negligence; he has incurred and will continue to incur medical expenses to treat his injuries; and he has lost and will continue to lose wages as a result of his injuries. *See id.* at ¶¶ 6-10. In Count Two, Plaintiff alleges that, as a conductor for Union Pacific over the years, he was exposed to significant vibration while operating Union Pacific's trains; Union Pacific was aware of but failed to adequately address such risks; he suffered injuries that were caused by the vibration and, relatedly, Union Pacific's

**MEMORANDUM DECISION AND ORDER - 1**

negligence; he has incurred and will continue to incur medical expenses to treat his injuries; and he has lost and will continue to lose wages as a result of his injuries. *See id.* at ¶¶ 13-20.

Through the at-issue Motion, Union Pacific asks the Court to either strike or, in the alternative, require Plaintiff to make more definite and certain those allegations within the Amended Complaint speaking to (1) Union Pacific's alleged negligence under FELA or in violation of the Safety Appliance Act ("SAA"), and (2) Plaintiff's claim that "he was otherwise injured and disabled." *See* Mem. ISO Mot., p. 2 (Dkt. 20) (citing Am. Compl., ¶¶ 8, 17, 9, 18 (Dkt. 18)). According to Union Pacific, "the vague liability [and] injury allegations do not give fair notice." *Id.* at pp. 6-9. For the reasons identified below, the Court denies Union Pacific's Motion.

Rule 12(e) provides that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). "[M]otions for a more definite statement are disfavored, and ordinarily restricted to situations where a pleading suffers from unintelligibility rather than want of detail." *Medrano v. Kern Cnty. Sheriff's Officer*, 921 F. Supp. 2d 1009, 1013 (E.D. Cal. 2013); *see also A.G. Edwards & Sons, Inc. v. Smith*, 736 F. Supp. 1030, 1032 (D. Az. 1989) (motion for more definite statement is only proper when a party is unable to determine issues he must meet; it should not be used to test opponent's case). A motion for a more definite statement should generally be denied "if the complaint is specific enough to notify defendant of the substance of the claim being asserted" or "if the detail sought by a motion for a more definite statement is obtainable through the discovery process." *Medrano*, 921 F. Supp. 2d at 1013; *accord Craigslist, Inc. v. Autoposterpro, Inc.*, 2009 WL 890896, at *4 (N.D. Cal. 2009); *see also True v. American Honda Motor Co., Inc.*, 520 F. Supp. 2d 1175, 1180 (C.D. Cal. 2007) ("Such a motion [for a more definite statement] is likely to be

**MEMORANDUM DECISION AND ORDER - 2**

denied where the substance of the claim has been alleged, even though some of the details are omitted."); *Sagan v. Apple Computer, Inc.*, 874 F. Supp. 1072, 1077 (C.D. Cal. 1994) ("Motions for a more definite statement are viewed with disfavor and are rarely granted because of the minimal pleading requirements of the Federal Rules. Parties are expected to use discovery, not the pleadings, to learn the specifics of the claims being asserted."). In contrast, "a Rule 12(e) motion is more likely to be granted where the complaint is so general that ambiguity arises in determining the nature of the claim or the parties against whom it is being made." *Sagan*, F. Supp. at 1077.

To decide the motion, the Court must address whether Plaintiff's Amended Complaint complies with Rule 8(a). *See Hearne v. Welch & Allan*, 2006 WL 22184, at *1 (D. Idaho 2006); *see also Bautista v. L.A. Cnty.*, 216 F.3d 837, 840 (9th Cir. 2000). Rule 8(a) requires that Plaintiff plead a short and plain statement of the claim showing that he is entitled to relief. *See* Fed. R. Civ. P. 8(a). The Ninth Circuit says this means that a plaintiff "must plead a short and plain statement of the elements of his or her claim, identifying the transaction or occurrence giving rise to the claim and the elements of the prima facie case . . . ." *Bautista*, 216 F.3d at 840. Therefore, to determine whether Union Pacific is entitled to a more definite statement, the Court reviews Plaintiff's Amended Complaint for whether it contains a short statement of the elements of his claims, identifying the transactions or occurrences giving rise to the claims, and the elements of his prima facie case. Plaintiff's Amended Complaint meets that test.

Plaintiff's Amended Complaint – with its two causes of action – reflects the contours of his claims against Union Pacific. Plaintiff alleges that he was injured (1) while repairing a defective brake on a railcar and, separately, (2) due to significant vibration on the trains and in the locomotive where Union Pacific assigned Plaintiff to work. *See supra*. Plaintiff contends that these injuries are the product of Union Pacific's negligence in violation of FELA and/or the

**MEMORANDUM DECISION AND ORDER - 3**

SAA.  *See id.*  It is true that more factual and legal particulars may completely inform his case against Union Pacific, but the Rules require only a plausible claim entitling Plaintiff to relief and that Union Pacific be put on notice of the same.  This he has done, and Union Pacific's purported need for more does not upend this fact; indeed, in this Court, pleadings with much less have been answered, tested during discovery, and resolved either at the summary judgment stage or following trial.[1]  To the extent Union Pacific has questions that Plaintiff's Amended Complaint does not answer, let alone address, it may scrutinize them more thoroughly via discovery (with the benefit of initial disclosures, medical witnesses, records, and deposition testimony) as provided by the Rules.[2]  These avenues adequately address Union Pacific's concerns.  With all this in mind, Union Pacific's Motion is denied.

///

///

///

///

///

///

///

///

---

[1]  In this respect, the Court notes that Union Pacific previously answered comparable allegations within Plaintiff's original Complaint.  *See* Answer (Dkt. 13).  This is not to say that Union Pacific is now precluded from filing its Motion or that it has somehow waived the arguments presented therein, but only to highlight that Plaintiff's Amended Complaint is not so vague or ambiguous that Union Pacific cannot reasonably prepare a response.

[2]  If necessary, the Court will entertain a motion from Union Pacific, outlining the need for more than either the 25 written interrogatories allowed by Rule 33(a)(1), or the 10 depositions and 50 requests for production indicated in the parties' Joint Discovery Plan.  At this time, however, such a request would seem unlikely in light of the nature of the case, such that any motion would need to be supported by good cause for doing so.

**MEMORANDUM DECISION AND ORDER - 4**

**ORDER**

Based on the foregoing, IT IS HEREBY ORDERED that Defendant's Motion to Strike or Make More Definite and Certain (Dkt. 19) is DENIED.[3]

DATED: January 10, 2020

Ronald E. Bush
Chief U.S. Magistrate Judge

---

[3] Plaintiff "asks that the Court consider whether sanctions are appropriate in connection with the filing of [Union Pacific's Motion]," later stating that, "should the Court agree that this [M]otion was spurious and designed to waste time and effort, sanctions should be imposed." Resp. to Mot., p. 10 (Dkt. 25). Union Pacific's Motion is not sanctionable in this setting.

**MEMORANDUM DECISION AND ORDER - 5**